Filed 3/9/22  P. v. Morris CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>PHILLIP MORRIS ,<br>        Defendant and Appellant. | A163154<br><br>(Alameda County<br>Super. Ct. No. 105275) |

This is an appeal from a postjudgment order denying defendant Phillip Morris's petition for resentencing under Penal Code[1] section 1170.95 (hereinafter, petition).  By this petition, defendant seeks relief from the 15 years to life sentence he received after pleading no contest to second degree murder.  Admittedly, defendant shot his wife about 11 times in the heat of an argument.

Defendant's appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 asserting that he has found no cognizable issue on appeal.  Counsel therefore asked this court to conduct an independent review of the record to determine whether any such issue exists.

---

[1] All statutory citations herein are to the Penal Code unless otherwise indicated.

1

Defendant thereafter filed supplemental briefs in which he raises a claim of ineffective assistance of counsel that he wishes to bring to the court's attention. Defendant argues his appointed counsel effectively abandoned his appeal by failing to raise an argument based on evidence in the record that he acted without malice or intent to kill when fatally shooting his wife. Defendant therefore asks this court to appoint him new counsel to pursue this theory on appeal.

For reasons explained *post*, we conclude defendant has no right to the *Wende* review process because this appeal is not his first appeal as of right. Nonetheless, we have exercised our discretion to review the record for reasonably arguable issues and have found none. We have also considered the issues raised in defendant's supplemental briefs and find them unmeritorious. Accordingly, we affirm the lower court's order and deny defendant's request for appointment of new counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1992, defendant was convicted of second degree murder after pleading no contest. He received a sentence of 15 years to life in prison. The abstract of judgment indicates that before pleading no contest to second degree murder, defendant pleaded not guilty to murder by reason of insanity.

On May 13, 2021, defendant, representing himself, filed this petition for recall of sentence and resentencing under section 1170.95. In his petition, defendant attested that he was convicted of second degree murder under the natural and probable consequences doctrine or the felony murder doctrine and could not now be convicted of murder because of the changes to section 188 that became effective January 1, 2019. Defendant did not check the box on the petition to indicate that he was not the actual killer. A preliminary hearing transcript attached to the petition contained eyewitness testimony

2

that defendant pursued his wife into a neighbor's house during an argument. Defendant then shot her from behind with his rifle at a distance of one to two feet. After his wife fell to the floor, defendant continued to shoot her. She died of multiple gunshot wounds.

Attached as exhibits to the petition are several mental health reports. In particular, a 1990 psychiatric evaluation concluded defendant was suffering from acute paranoid schizophrenia and acute disorganization with disassociation at the time of the homicide. As a result, "he did not intend to kill his wife or for that matter anyone else at the time that the homicide occurred."

On June 14, 2021, the trial court summarily denied the petition without appointing counsel to represent defendant. The court reasoned that defendant, as his wife's actual killer, was ineligible for relief. On July 26, 2021, defendant timely appealed the court's order.

## DISCUSSION

As mentioned, appointed counsel has identified no issue for review. Appointed counsel acknowledged in his brief that several courts have held *Wende* review is constitutionally required only from a defendant's first appeal from a criminal conviction. Under this case law, *Wende* review is not required from defendant's present appeal because it from a *postconviction* order denying sentencing relief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted October 14, 2020, S264278 [*Wende* does not apply to appeals from the denial of postconviction relief]; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133, review den. May 12, 2021, S268011 [*Wende* procedures inapplicable to appeal from an order revoking postrelease community supervision, as such an appeal is not a direct appeal from a judgment of conviction]; *People v. Flores* (2020) 54 Cal.App.5th 266, 273 (*Flores*) [no right

3

to *Wende* review in an appeal from postconviction denial of petition for resentencing under § 1170.95].)  Accordingly, defendant's appeal is subject to dismissal.  (*Cole, supra*, 52 Cal.App.5th at p. 1028, rev.gr.)

This case law recognizes, however, that an appellate court nonetheless has discretion to conduct a *Wende* review in an appeal from a postconviction order.  (See *Flores, supra*, 54 Cal.App.5th at p. 273 ["[while] we are not *required* to conduct an independent review of the record because this is not defendant's first appeal as a matter of right—we have found no legal authority that *prohibits* us from doing so in the interests of justice"].)  Having exercised this discretion, we now conclude the trial court correctly denied defendant's petition.

A person convicted of murder under a felony murder or natural and probable consequences theory may petition to have the murder conviction vacated.  (§ 1170.95, subd. (a).)  The petitioner's prima facie case consists of three mandatory elements:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."[2]  (§ 1170.95, subd. (a).)

Relevant here, the amended version of section 188 that became effective January 1, 2019, provides:  "Except as stated in subdivision (e) of

_____

[2] Section 1170.95 was amended effective January 1, 2022.  (Stats. 2021, ch. 551, § 2.)  These statutory amendments are not relevant to any issue raised herein.

4

Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Newly added section 189, subdivision (e), in turn, provides: " 'A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) *The person was not the actual killer*, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' " (*People v. Perez* (2020) 54 Cal.App.5th 896, 902, italics added, review granted Dec. 9, 2020, S265254 (*Perez*).)

In assessing whether a petitioner made a prima facie showing of entitlement to relief under section 1170.95, "the court may consider the petitioner's record of conviction to determine ' "readily ascertainable facts." ' " (*Perez, supra*, 54 Cal.App.5th at pp. 904–905, rev.gr., quoting § 1170.95, subd. (c).) We review the trial court's ruling de novo. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481.)

Here, defendant acknowledged in his petition that he actually killed his wife. Nothing in the record suggests otherwise. The information charged defendant with murder with a personal firearm use clause. The evidence adduced at the preliminary hearing—eyewitness testimony—established that defendant killed his wife by repeatedly shooting her from behind with a rifle. However, defendant claimed—as he does here—that he could not have acted with malice aforethought because he was mentally incapacitated at the time.

5

Defendant ultimately pleaded no contest to second degree murder. On this record, the trial court correctly found defendant was not eligible for relief under section 1170.95 because he was the actual killer and not merely a participant. (See *Perez, supra*, 54 Cal.App.5th at p. 907, rev.gr. [Perez failed to make a prima facie showing of entitlement to relief under § 1170.95 where the evidence adduced at the preliminary hearing established that he pleaded no contest to the murder based on a theory he was the actual killer]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 744 ["as the actual killer, Garrison is ineligible for resentencing under section 1170.95"].)

Defendant's argument in supplemental briefing that his counsel rendered ineffective assistance fails under the same reasoning. Defendant claimed his counsel effectively abandoned him by not raising an argument in his opening brief regarding the evidence in the record that he did not intentionally kill his wife or act with malice due to his mental incapacity. On the contrary, appellate counsel appropriately counseled that defendant, as the actual killer, is not eligible for relief under section 1170.95. As such, we find no indication appellate counsel failed to meet his professional responsibilities in this matter.

Accordingly, we deny defendant's request for appointment of new counsel and affirm the lower court's order.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1170.95 is affirmed.

6

_____
Jackson, P. J.

WE CONCUR:


_____
Needham, J.


_____
Burns, J.

A163154/*People v. Phillip Morris*

7